UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No.
09-10330-GAO

UNITED STATES OF AMERICA

v.

STRYKER BIOTECH, LLC; MARK PHILIP;
WILLIAM HEPPNER; DAVID ARD and JEFFREY WHITAKER

## INTERIM STATUS REPORT

February 9, 2010

DEIN, M.J.

An Interim Status Conference was held before this court on February 9, 2010 pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and orders, to wit:

1. The defendants are in the process of reviewing the voluminous materials which have been produced by the government and have filed a discovery letter. By agreement, the government will respond by February 18, 2010, any motions to compel shall be filed by March 11, 2010 and the government's opposition is due on April 1, 2010. The defendants may file a final discovery letter by April 9, 2010, the government will respond by April 23, 2010, any motions to compel must be filed by May 14, 2010, and the government's opposition thereto shall be filed by June 4, 2010.

2. The defendants request expert discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E). The parties will make simultaneous expert disclosures on September 7, 2010. Leave of court will be required for rebuttal experts.

3. The defendants shall file any dispositive motions by September 21, 2010, with the government's response due on October 12, 2010. Leave of court will be required for reply briefs.

4. In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate judge with counsel of record would be useful at this time.

5. In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

6. A trial is anticipated. The parties estimate that it will take at least 30 days.

7. This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, consideration of alternatives concerning how best to proceed with this matter, and preparation of motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

   Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of February 9, 2010 through April 9, 2010, that being the period between the interim status conference and the next status conference.[1]

8. Based upon the prior orders of the court dated November 6, 2009, November 13, 2009, December 22, 2009 and the order entered

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

contemporaneously herewith, at the time of the Interim Status Conference on April 9, 2010 there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.

9. **An Interim Status Conference and hearing on any motions to compel has been scheduled for April 9, 2010 at 2:30 p.m. Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(A)(1) through (7) before the close of business no less than THREE business days prior to that Status Conference**. **In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**

      / s / Judith Gail Dein
    JUDITH GAIL DEIN
    UNITED STATES MAGISTRATE JUDGE