UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA         )
                                 )
                                 )
v.                               )
                                 ) CRIMINAL NO. 09-10035-DPW
SHANE DOYLE                      )
                                 )
    Defendant.                   )


             MEMORANDUM AND ORDER TO SHOW CAUSE
                      April 17, 2012

   The Supreme Court of the United States acknowledged last month "what plea bargaining is.  It is not some adjunct to the criminal justice system; it is the criminal justice system." *Missouri* v. *Frye*, 132 S. Ct. 1399, 1407 (2012) (interior quotation marks and citation omitted).  At the same time, the Court reaffirmed that there is no federal right to have a judge accept a plea bargain.  *Id*. at 1410 (citing *Santobello* v. *New York*, 404 U.S. 257, 262 (1971)).

   This case presents the circumstance in which the government has chosen to continue to pursue an individual employee for a felony on the basis of misconduct that it is content to treat as a misdemeanor by his responsible corporate employer.  The government induced a guilty plea before me by the employee pursuant to a plea bargain in which the employee agreed to

provide substantial assistance in the prosecution of his employer. The government says that when the case against the employer before a different judge of this District appeared to the government to be in jeopardy after trial began because of "key pretrial rulings which affected its calculus of its prospects for success at trial," it entered into a misdemeanor plea agreement with the employer, which paid a $15 million fine and thereby avoided a felony conviction.

Before I permit the employee's felony plea to stand under these circumstances, I believe I must, in the exercise of the sound discretion retained by federal trial judges – as underscored in *Santobello* and reaffirmed in *Frye* – determine whether there is cause to vacate the employee's plea. Accordingly, I now ORDER the parties to show cause, if any there be, why I should not vacate the defendant's guilty plea and proceed to trial on the merits of the charges against the employee.

I recognize that the government has attempted to respond to my inquiry into its current position regarding the fairness of a felony conviction of the employee under these circumstances and has reported that "[w]hile events after his plea did not turn out the way [the defendant] (or the government) had planned, those later events did not alter the fairness or propriety of the original charging decision or the fairness and propriety of

sentencing Mr. Doyle on the charge to which he pleaded guilty."
*Government's Supplemental Sentencing Memorandum* (Doc. No. 41) at 6.  The government's satisfaction with this state of affairs is not, of itself, determinative.  In order to understand more fully the government's position, I believe it will be necessary for me to be informed with specificity regarding the basis for the government's repeated justification that "pretrial rulings . . . affected its calculus" and led it to the conclusion that a misdemeanor would be appropriate to resolve charges in which the relevant misconduct by the employer includes, but involves more than, that for which the employee faces a felony conviction.  Accordingly, the government's show cause response shall include a full and detailed explanation of the principled basis on which it chose mid-trial to abandon a felony prosecution of the employer.

The show cause submissions of the parties shall be due on or before noon April 27, 2012.  In the interim, the Clerk is directed to unseal the Government's Supplemental Sentencing Memorandum (but not attachment A thereto, the transcript of the first day of the Sentencing Hearing on March 19, 2012 for which transcript release, absent purchase, is restricted until June 25, 2012).

                                          */s/ Douglas P. Woodlock*
                                          DOUGLAS P. WOODLOCK
                                          UNITED STATES DISTRICT JUDGE