UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| VS. | ) ) | Docket No. 09-CR-10035-DPW |
| SHANE DOYLE,<br>Defendant. | ) ) ) ) | |

**SHANE DOYLE'S RESPONSE TO**
**THE APRIL 17, 2012 ORDER TO SHOW CAUSE**

The defendant, Shane Doyle, respectfully submits the following response to the Court's April 17, 2012 order that he show cause why the Court should not vacate his guilty plea and proceed to a trial on the merits.

Mr. Doyle is thirty-six years old and he has lived under the spector of these criminal charges – from investigation through plea, cooperation with the government, and sentencing – for almost four years. When this investigation began, he had a wife and a recently born son. Today, his young family has grown to two children, and a third is expected later this month. Mr. Doyle also continues to work at a good job, with an employer that is both fully apprised of this criminal matter and fully supportive of Mr. Doyle. Understandably, Mr. Doyle is anxious to put this matter behind him and to move on with his life.

In February 2009, Mr. Doyle struck what he and his counsel considered to be a fair bargain with the government. By its terms, Mr. Doyle admitted to criminal misbranding and entered into a civil settlement agreement regarding other conduct that the government questioned. In return, Mr. Doyle promised – and has since delivered – the full measure of his

cooperation to the government in its prosecution of his former corporate employer and that employer's senior staff.  *See* Defendant's Supplemental Sentencing Memo, Docket no. 39 (describing Mr. Doyle's substantial assistance).

In January 2012, when the government abandoned its prosecution of the individual defendants, and allowed the corporation to plead to a misdemeanor, Mr. Doyle's counsel strongly suggested to the government that in those changed circumstances, the right thing to do would be to reduce the charges against Mr. Doyle to a misdemeanor – just as the government had done for his former employer.  The government, however, disagreed, and has maintained that position throughout its on-going conversations with Mr. Doyle's counsel.  While Mr. Doyle clearly would prefer to plead guilty to a misdemeanor rather than a felony, he recognizes that such charging decisions rest in the hands of the United States Attorney's Office.

Mr. Doyle understands that in this case's present posture, the government will join – or at least will not object – to his request that the Court impose a sentence of probation with no period of home confinement or other incarceration.  Moreover, while he strenuously objects to the government's characterization of him as a "rogue" employee in its April 9, 2012 submission – and to the significance of the conduct described in that submission – Mr. Doyle is also mindful that the government is suggesting that if the plea is vacated it could bring additional criminal charges against him.  The potential of additional criminal exposure further heightens the risks and costs that Mr. Doyle could face if his current bargain with the government is undone.

Mr. Doyle has given all of the foregoing concerns serious, thoughtful, and long consideration and, in response to the Court's order, wishes the Court to know that he does not seek to withdraw his plea or to endure the cost and uncertainties that such a course would

necessarily inflict.  Accordingly, Mr. Doyle respectfully asks the Court to leave his guilty plea intact and not to send this matter to trial.

                              Respectfully submitted,

                              Shane Doyle

                              By his attorneys,

                              /s/  Ingrid S. Martin
                              Ingrid S. Martin (BBO #653632)
                              Paul R. Cirel (BBO #084320)
                              Dwyer & Collora, LLP
                              600 Atlantic Avenue
                              Boston, MA 02210
                              (617) 371-1000
                              imartin@collorallp.com
                              pcirel@collorallp.com

Dated:  May 8, 2012

CERTIFICATE OF SERVICE

I, Ingrid S. Martin, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on May 8, 2012.

                              /s/ Ingrid S. Martin